# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY T. MOORE, Jr., #446508, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-cv-01047-JPG ) |
| JOHN DOE 1, JOHN DOE 2, SERGEANT COOK, C/O WALT, CHRIS LANZANTE, TERRY OWENS, PATRICK FULTON, MICHAEL BUNJOCK, DAVID NICHOLS, LT. PANNIER, STEVEN STRUBBERG, SHANE COLLINS, CHARLES GERMAINE, and MIKE RIPPERADAH, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Anthony Moore, Jr., a detainee at St. Clair County Jail ("Jail"), filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff asserts claims against various officials at the Jail for interfering with his mail, denying him access to the courts, and subjecting him to unconstitutional conditions of confinement. (Doc. 1, pp. 8-9). Plaintiff seeks monetary damages against the defendants. (Doc. 1, p. 10).

The Complaint is now subject to screening under 28 U.S.C. § 1915A, which provides:

    (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

1

> which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). As part of the screening order, the Court will also consider whether any claims in the Complaint are improperly joined in this action and are subject to severance. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

### Complaint

Plaintiff's claims arise from three separate incidents that occurred at St. Clair County Jail. (Doc. 1, pp. 8-9). Plaintiff characterizes his claims against the defendants as a mail interference claim, a denial of court access claim, and a conditions-of-confinement claim. *Id*. The allegations offered in support of each claim are summarized herein.

1. **Mail Interference**

On or around April 18, 2018, Plaintiff received notice that his case was dismissed in *Moore, Jr. v. Scott, et al.*, Case No. 17-cv-01153-JPG (S.D. Ill., dismissed April 18, 2018). (Doc. 1, p. 8). He had no opportunity to amend the complaint before the action was dismissed. *Id*. Plaintiff explains that this was because he did not receive an important letter from the Court. *Id*. Had he known about the impending dismissal, Plaintiff allegedly would have corrected any defects and filed an amended complaint. *Id*.

Officer Walt and other unknown staff (John Doe 1 and John Doe 2) are responsible for passing out mail at the Jail. (Doc. 1, p. 8). Plaintiff is not sure who was in charge of the mail on the date in question. *Id*. Therefore, he has named Officer Walt, John Doe 1, and John Doe 2 in connection with this claim for the denial of access to the courts. *Id*.

2. **Denial of Court Access**

For thirteen months between August 2016 and September 2017, Plaintiff was housed in "[m]ax." (Doc. 1, p. 8). He spent six consecutive months there without being cited for any rule violations. *Id*. Despite his good behavior, Plaintiff was unable to use the prison's law library. *Id*. Consequently, he was unable to access the district court's local rules and relevant case law. *Id*. As a result, Plaintiff had no way to challenge the unconstitutional conditions of his confinement, thereby prolonging his exposure to these conditions. *Id*.

Plaintiff's criminal case was also pending at the time. (Doc. 1, p. 8). Although he was represented by appointed counsel, Plaintiff could not prepare and file motions challenging the effectiveness of his counsel. *Id*. He was unable to file a timely appeal, and the time for appealing and for filing a post-conviction petition expired. *Id*. If Plaintiff had access to a law

library during this time period, he allegedly would have prepared and filed an appeal on his own. *Id*.

Although Plaintiff now has access to a law library, he complains of inadequate access to the kiosk, printer, and photocopier. (Doc. 1, p. 8). There is no place to sit while using the kiosk. *Id*. Therefore, Plaintiff must stand while copying case law by hand. *Id*.

Plaintiff has complained directly to Mike Ripperadah, Terry Owens, Patrick Fulton, Thomas Messey,[1] and Michael Bunjock. (Doc. 1, p. 8). However, they have ignored his complaints. *Id*. He also lists David Nichols, Lt. Pannier, Charles Germaine, Sergeant Cook, and Steven Strubberg in connection with this claim and refers to exhibits, but no exhibits accompany the Complaint. (Doc. 1).

### 3. Conditions of Confinement

While on L-Block in February 2018, Plaintiff noticed "exhaust smoke" entering the cell block through the Jail's ventilation system. (Doc. 1, p. 9). The fumes caused sleep loss, nausea, dizziness, and shortness of breath. *Id*. A corrections officer informed the inmates that the "air handler system" pulls outside air into the block. *Id*.

Plaintiff complained verbally and in writing "for weeks." (Doc. 1, p. 9). He complained directly to Charles Germaine and Chris Lanzante, and he submitted captain complaints to Shane Collins and Sergeant Cook. *Id*. Plaintiff's complaints were routinely ignored. *Id*.

## Discussion

The Court deems it appropriate to divide the *pro se* action into the following enumerated counts to facilitate the orderly management of future proceedings in this case and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b):

---

[1] This individual is not named as a defendant in this action.

**Count 1 -** First and/or Fourteenth Amendment claim against Defendants Walt, John Doe 1, and John Doe 2 for interfering with Plaintiff's mail and thereby denying him access to the courts in *Moore, Jr. v. Scott, et al.*, Case No. 17-cv-01153-JPG (S.D. Ill. filed October 24, 2017).

**Count 2 -** First and/or Fourteenth Amendment claim against Defendants Ripperadah, Owens, Fulton, and Bunjock for denying Plaintiff access to a law library for a 13-month period between August 2016 and September 2017 that coincided with Plaintiff's criminal case and his pursuit of a civil rights action for unconstitutional conditions of confinement at the Jail.

**Count 3** - Eighth Amendment claim against Defendants Germaine, Lanzante, Collins, and Cook for subjecting Plaintiff to exhaust fumes and poor ventilation at the Jail since February 2018.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. These designations do not constitute an opinion regarding the merits of the above-referenced claims. **Any claims that are encompassed by the allegations in the Complaint but not identified above are considered dismissed without prejudice for failure to meet the *Twombly* pleading standards.**

This includes any claim in Count 2 against Thomas Messey, Sergeant Nichols, Lieutenant Pannier, Officer Germaine, Sergeant Cook, and Sergeant Strubberg. (Doc. 1, p. 8). Plaintiff mentions these individuals in his statement of claim but includes no allegations against them. *Id*. He instead refers to exhibits, stating "SEE ATTACHMENTS." *Id*. There are no attachments. *Id*. Given the lack of allegations and exhibits offered in support of a claim against these individuals, it is clear that Plaintiff cannot proceed with a claim against them in Count 2 at this time. Therefore, the Court has not included these defendants in its severance discussion below.[2]

---

[2] Thomas Messey was never even named as a defendant in the case caption or list of defendants. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

**Severance**

Before considering the merits of any claims set forth herein, the Court must first consider whether the claims and defendants are properly joined in this action. *See* FED. R. CIV. P. 18-21. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)). Claims against different groups of defendants that do not arise from a single transaction or occurrence (or series of related transactions or occurrences) and also do not share a common question of law or fact may not be joined in the same suit. *See* FED. R. CIV. P. 20(a)(2). A prisoner who files a "buckshot complaint" that includes multiple claims against different individuals should not be allowed to avoid "risking multiple strikes for what should have been several different lawsuits." *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010) (citing *George*).

The Court has broad discretion when deciding whether to sever claims under Federal Rule of Civil Procedure 21 or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). However, the Seventh Circuit has warned district courts not to allow inmates "to flout the rules for joining claims and defendants, *see* FED. R. CIV. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). *See also Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017) (district court should have severed unrelated and improperly joined claims or dismissed one of them).

Plaintiff's claims are improperly joined in a single action. Each claim should have been brought as a separate action. The claims involve different groups of defendants. Each claim arises from a separate transaction, occurrence, or series of transactions or occurrences. The claims also involve separate questions of law or fact. Consistent with *George* and Federal Rule of Civil Procedure 21, the Court will exercise its discretion and sever Counts 2 and 3 into two new lawsuits. Each newly-severed case shall receive a new case number, and Plaintiff shall be assessed another filing fee for the case. Count 1 shall remain in this action. All three claims will be separately screened under 28 U.S.C. § 1915A.

## Disposition

**IT IS HEREBY ORDERED** that **COUNTS 2** and **3**, which are unrelated to **COUNT 1**, are **SEVERED** into two new cases, as follows:

**SEVERED CASE 1** involving **COUNT 2** against Defendants Ripperadah, Owens, Fulton, and Bunjock shall be captioned: **ANTHONY T. MOORE, Jr., Plaintiff v. MIKE RIPPERADAH, TERRY OWENS, PATRICK FULTON, and MICHAEL BUNJOCK**, Defendants.

**SEVERED CASE 2** involving **COUNT 3** against Defendants Germaine, Lanzante, Collins, and Cook shall be captioned: **ANTHONY T. MOORE, Jr., Plaintiff v. CHARLES GERMAINE, CHRIS LANZANTE, SHANE COLLINS, and SERGEANT COOK, Defendants.**

In each new case, the Clerk is **DIRECTED** to file the following documents:

    (1)    This Memorandum and Order;

    (2)    The Complaint (Doc. 1);

    (3)    Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2).

Because Plaintiff was granted leave to proceed *in forma pauperis* in this case, he shall be granted leave to proceed as a poor person in the newly-severed cases as well. The claims in the newly-severed cases, including Counts 2 and 3, will be screened pursuant to 28 U.S.C. § 1915A after the new case number and judge assignment are made. No service shall be ordered on the defendant(s) in the newly-severed cases until the § 1915A review is complete.

**IT IS FURTHER ORDERED** that the *only claim remaining in this action is COUNT 1 against Defendant C/O WALT, JOHN DOE 1, and JOHN DOE 2*. This case shall now be captioned: **ANTHONY T. MOORE, Jr., Plaintiff v. C/O WALT, JOHN DOE 1, and JOHN DOE 2, Defendants.**

**IT IS ORDERED** that Defendants **SERGEANT COOK, CHRIS LANZANTE, TERRY OWENS, PATRICK FULTON, MICHAEL BUNJOCK, DAVID NICHOLS, LT. PANNIER, STEVEN STRUBBERG, SHANE COLLINS, CHARLES GERMAINE,** and **MIKE RIPPERADAH** are **DISMISSED** with prejudice from *this* action because they were not named in connection with Count 1.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 10, 2018**

**s/J. Phil Gilbert**
**District Judge**
**United States District Court**
