**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

ANTHONY T. MOORE, Jr.,          )
#446508,                              )
                                     )
                    Plaintiff,      )
                                     )
vs.                                   )     Case No. 18-cv-01378-JPG
                                     )
CHARLES GERMAINE,       )
CHRIS LANZANTE,           )
SHANE COLLINS,            )
and SERGEANT COOK,      )
                                     )
                    Defendants.   )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Anthony Moore, Jr. filed a civil rights action pursuant to 42 U.S.C. § 1983 in order to address numerous violations of his constitutional rights at St. Clair County Jail ("Jail"). (Doc. 1). *See Moore, Jr. v. Doe, et al.*, No. 18-cv-1047-JPG-RJD (S.D. Ill.) ("original action"). This Court screened the Complaint and determined that the three claims identified therein were improperly joined in a single action. Accordingly, two of the claims were severed into new suits. (Doc. 8, original action). This suit focuses on Count 3, a claim against the defendants for subjecting Plaintiff to unconstitutional conditions of confinement at the Jail beginning in February 2018. (Doc. 1, pp. 4-5; Doc. 2, p. 9).

Count 3 is now subject to screening under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Complaint

In February 2018, Plaintiff noticed "exhaust smoke" entering the L-Block through the Jail's ventilation system. (Doc. 2, p. 9). A correctional officer informed the inmates that the "air handler system" was pulling outside air into the block. *Id*. The fumes caused Plaintiff to suffer from shortness of breath, nausea, dizziness, and sleep loss. *Id*. He complained to the defendants "for weeks" about the problem. *Id*. Plaintiff directed verbal complaints to Charles Germaine and Chris Lanzante, and he submitted written "captain complaints" to Shane Collins and Sergeant Cook. *Id*. However, the defendants ignored him. *Id*.

## Discussion

The Court deems it appropriate to re-characterize Count 3, as follows:

**Count 3** - Claim against Defendants Germaine, Lanzante, Collins, and Cook for subjecting Plaintiff to exhaust fumes and poor ventilation that caused him to become ill at the Jail beginning in February 2018.

(Doc. 1, pp. 4-5).  The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

The applicable legal standard for Plaintiff's conditions-of-confinement claim depends on his status as a convicted prisoner or pretrial detainee during the relevant time period.  The Complaint offers no insight into this issue.  However, public records indicate that Plaintiff was likely incarcerated pursuant to a conviction at the time his claim arose.  *See United States v. Moore*, No. 13-cr-30212-DRH-1 (S.D. Ill. Oct. 14, 2014) (2014 federal conviction resulting in 235-month sentence that runs consecutive to sentences imposed in St. Clair County Case Nos. 12CF1826 and 12CF1396); *State of Illinois v. Anthony T. Moore, Jr.*, No. 12CF0182604 (St. Clair County April 15, 2018) (2018 guilty verdict in retrial of state criminal case for attempted murder).  The Court will nevertheless analyze the claim under both standards.

The Eighth Amendment governs conditions-of-confinement claims brought by prisoners and prohibits punishment that is considered "cruel and unusual."  U.S. CONST. Amend. VIII.  In order to state a claim for unconstitutional conditions of confinement in this context, a prisoner must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991).  To satisfy the objective element, the condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.  *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).  Poor ventilation, exposure to exhaust fumes, and resulting illness occurring over the course of "weeks" satisfy the objective standard for screening purposes.  *See Board v. Farnham*, 394 F.3d 469 (7th Cir. 2005) (detainee's complaints about poor ventilation that exacerbated symptoms of serious asthma constituted objectively serious harm under Eighth Amendment).  *See also*

*Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, conditions of confinement may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm).

To satisfy the subjective element of this claim, the plaintiff must demonstrate that each prison official exhibited deliberate indifference to inmate health or safety. *Wilson*, 501 U.S. at 298; *McNeil,* 16 F.3d at 124. This standard is satisfied when an official is aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The allegations satisfy the subjective standard against all four defendants at screening. Plaintiff notified each of them about the conditions of his confinement and his resulting health issues, and they ignored his complaints "for weeks." (Doc. 2, p. 9).

The Fourteenth Amendment Due Process Clause governs conditions-of-confinement claims of pretrial detainees. *Miranda v. County of Lake*, -- F.3d --, 2018 WL 3796482 (7th Cir. Aug. 10, 2018). Under the Fourteenth Amendment, pretrial detainees cannot be punished at all. *Id*. (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015)). Although the Seventh Circuit Court of Appeals has long recognized this distinction, the Court has frequently looked to Eighth Amendment case law when analyzing claims brought by pretrial detainees and indicated that detainees are entitled to at least as much protection. In *Kingsley*, the United States Supreme Court held that the due process standard for excessive force claims of pretrial detainees is less demanding than the Eighth Amendment standard for claims brought by convicted persons. *Id*. at 2475. The Seventh Circuit recently extended the same logic to a medical claim brought by a pretrial detainee in *Miranda* and analyzed the defendants' conduct under an objective

4

reasonableness standard, instead of a deliberate indifference standard. *Miranda*, 2018 WL 3796482, at *9-11. Given that medical claims are a subset of conditions-of-confinement claims, it stands to reason that the same objective reasonableness standard would apply to Plaintiff's claim if he was a pretrial detainee during the relevant time period. *Id.* (citing *Wilson*, 501 U.S. at 303) ("medical care is a condition of confinement"). Count 3 survives screening against all four defendants under this less demanding standing.

Regardless of his legal status, the Court finds that Count 3 survives preliminary review against the defendants. Any lingering questions regarding Plaintiff's legal status and the applicable legal standard can be addressed as this case proceeds.

## **Disposition**

**IT IS HEREBY ORDERED** that **COUNT 3**, the only claim at issue in this severed case, survives screening under 28 U.S.C. § 1915A and is subject to further review against Defendants **GERMAINE, LANZANTE, COLLINS,** and **COOK**.

As to **COUNT 3**, the Clerk of Court shall prepare for Defendants **CHARLES GERMAINE, CHRIS LANZANTE, SHANE COLLINS,** and **SERGEANT COOK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, the Memorandum and Severance Order (Doc. 1), the Complaint (Doc. 2), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 23, 2018**

<u>**s/J. Phil Gilbert**</u>
**District Judge**
**United States District Court**